UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Moraima Hernandez Ramos,

                Plaintiff,

          -against-

Commissioner of Social Security,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-06396 (DG)

DIANE GUJARATI, United States District Judge:

On December 30, 2020, *pro se* Plaintiff Moraima Hernandez Ramos filed the Complaint

in this action against Defendant Commissioner of Social Security (the "Commissioner"). *See*

Complaint, ECF No. 1. On December 30, 2020, Plaintiff also filed a motion for leave to proceed

*in forma pauperis*, *see* ECF No. 2, which was granted on January 13, 2021, *see* ECF No. 3.[1]

On August 12, 2021, the Commissioner filed a Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6). *See* ECF No. 9. By Order dated August 13, 2021, the Court

set a briefing schedule for the Motion to Dismiss, directing Plaintiff to file a response to the

motion, if any, by September 10, 2021. Plaintiff did not file a response by that deadline. By

Order dated September 20, 2021, the Court, in light of Plaintiff's *pro se* status, afforded Plaintiff

an additional month – until October 20, 2021 – to file a response. The Court's September 20,

2021 Order advised Plaintiff that the Court "may deem Defendant's Motion unopposed and/or

fully-briefed" if Plaintiff failed to file a response by the October 20, 2021 deadline. Plaintiff did

not file a response by that deadline. By Order dated November 1, 2021, the Court again, in light

of Plaintiff's *pro se* status, afforded Plaintiff an additional month – until December 1, 2021 – to

---

[1] This case was reassigned to the undersigned on February 18, 2021.

file a response.  The Court's November 1, 2021 Order advised Plaintiff that the Court "will deem Defendant's motion fully-briefed and unopposed" if Plaintiff failed to file a response by the December 1, 2021 deadline.  Plaintiff again failed to file a response.

Accordingly, by Order dated January 12, 2022, the Court directed Plaintiff to show cause in writing by February 11, 2022 as to why this case should not be dismissed for failure to prosecute and/or to comply with Court orders.  Plaintiff was warned that, if she failed to do so by that deadline, Plaintiff's case "may be dismissed."  Plaintiff failed to comply with the Court's January 12, 2022 Order.  By Order dated February 28, 2022, the Court again directed Plaintiff to show cause in writing – this time, by March 28, 2022 – as to why this case should not be dismissed for failure to prosecute and/or to comply with Court orders.  The Court's February 28, 2022 Order expressly warned Plaintiff that, if she failed to do so, Plaintiff's case "will be dismissed."

Copies of each of the Court's Orders were mailed to Plaintiff at the address indicated for her on the docket.[2]

Plaintiff did not comply with the Court's February 28, 2022 Order to Show Cause, just as she did not comply with the Court's January 12, 2022 Order to Show Cause.  Indeed, Plaintiff has taken no action on her case since filing her Complaint and motion for leave to proceed *in forma pauperis* on December 30, 2020.

As set forth more fully below, Plaintiff's case is dismissed, without prejudice, for failure to prosecute and to comply with court orders.

---

[2]  The docket reflects that the copy of the Court's September 20, 2021 Order that was mailed to Plaintiff was returned as undeliverable.  *See* ECF No. 10.  The docket does not reflect that any other Orders mailed to Plaintiff were returned to the Court.  Notably, the January 12, 2022 and February 28, 2022 Orders referenced the September 20, 2021 Order and its content.

\* \* \*

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." *Id.*

Here, these factors favor dismissal of Plaintiff's case.

*First*, Plaintiff has taken no action to prosecute her case beyond filing the Complaint and motion for leave to proceed *in forma pauperis* – nearly eighteen months ago.  Plaintiff failed to respond to the Commissioner's August 12, 2021 Motion to Dismiss – even after being warned that failure to respond would result in the motion being deemed unopposed – and has failed to comply with the Court's Orders directing Plaintiff to show cause as to why her case should not be dismissed.  *See Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute when "[t]he record reveal[ed] that, beyond filing his complaint . . . ,

[plaintiff] took no action to prosecute his case" and failed to comply with the district court's orders); *Mannan v. Soc. Sec. Admin.*, No. 17-CV-06800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020) (dismissing complaint where "[p]laintiff ha[d] taken no action to prosecute his case beyond filing his complaint" and failed to respond to defendant's motion for judgment on the pleadings); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (dismissal for failure to prosecute proper where, *inter alia*, "proceedings ground to a halt for over seven months" as a result of plaintiff's inaction); *Leybinsky v. U. S. Citizenship & Immigr. Servs.*, No. 19-CV-06154, 2020 WL 7295661, at *1-3 (E.D.N.Y. Dec. 2, 2020) (dismissing complaint pursuant to Rule 41(b) where petitioner failed to respond to respondent's motion to dismiss and to district court's order, and collecting cases demonstrating that "courts have consistently found that delays in the range of six months counsel in favor of [dismissal]").

*Second*, the Court's January 12, 2022 Order put Plaintiff on notice that failure to respond to that Order may result in her case's dismissal, and the Court's February 28, 2022 Order put Plaintiff on notice that failure to respond to that Order *would* result in dismissal of the case. Indeed, the February 28, 2022 Order expressly warned that if Plaintiff failed to respond to that Order "Plaintiff's case will be dismissed."  Plaintiff was thus on notice that her failure to comply would result in her case's dismissal.  *See Nolan v. Primagency, Inc.*, No. 07-CV-00134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, [the notice-of-dismissal] element has been met." (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir.1999))), *aff'd*, 344 F. App'x 693 (2d Cir. 2009).

4

*Third*, any further delay is likely to prejudice the Commissioner.  As a preliminary matter, where a plaintiff has caused an "unreasonable delay," the Court may presume prejudice to the defendant.  *See Leybinsky*, 2020 WL 7295661, at *3 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Further, the Commissioner has an "interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals."  *Lomack v. Comm'r of Soc. Sec.*, No. 18-CV-06083, 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019).  Plaintiff's delay undermines that interest.

*Fourth*, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context."  *Id.*; *see also Cortez v. Suffolk Cnty. Corr. Facility*, No. 15-CV-01957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016) (recognizing the court's need "to avoid calendar congestion and ensure an orderly and expeditious disposition of cases").  Plaintiff's inaction has slowed this case's progress to a stop.  Plaintiff's delay undermines the Court's interest in managing its docket.  *See Neal v. Comm'r of Soc. Sec.*, No. 18-CV-01936, 2019 WL 3402464, at *2 (S.D.N.Y. June 5, 2019), *report and recommendation adopted*, 2019 WL 2710127 (S.D.N.Y. June 28, 2019).  Here, the interest in ensuring an orderly and expeditious disposition of cases "outweighs any interest in preserving the fair chance to be heard and due process rights of a party that . . . has expressed no interest in preserving those rights."  *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-03716, 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017).

*Fifth*, no lesser sanction than dismissal (without prejudice) would be effective in compelling Plaintiff to move her case forward.  The Court has given Plaintiff several opportunities to be heard and to pursue her case yet Plaintiff has failed to respond to the Court's

Orders and has taken no action to prosecute her case in nearly eighteen months.  *See id.* ("Given [plaintiff's] failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective.").  Moreover, Plaintiff's *in forma pauperis* status suggests that a monetary sanction would not be effective in motivating Plaintiff to prosecute her case.  *See Mannan*, 2020 WL 2329282, at *2 ("Given Plaintiff's *in forma pauperis* status, monetary sanctions cannot be relied on because the plaintiff is indigent." (alterations accepted) (quotation marks omitted)).

In sum, all five of the applicable factors weigh in favor of dismissal.  Accordingly, this case is dismissed, without prejudice, for failure to prosecute and to comply with court orders.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, denies *in forma pauperis* status for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: June 17, 2022
        Brooklyn, New York